(September 17, 2003)

■ In the Matter of MICHAEL C. WEITZ, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [764 NYS2d 656] —Per Curiam. Respondent was admitted to practice by the Appellate Division, Second Department, in 1988. He resides in Sullivan County.

Petitioner charges that respondent engaged in illegal conduct in violation of the attorney discipline rules (*see* Code of Professional Responsibility DR 1-102 [a] [3], [7] [22 NYCRR 1200.3 (a) (3), (7)]). The specifications state that in June 2002 respondent pleaded guilty in Sullivan County Court to sexual abuse in the second degree, a class A misdemeanor (*see* Penal Law § 130.60 [1]) and unlawful imprisonment in the second degree, a class A misdemeanor (*see* Penal Law § 135.05). On August 5, 2002, respondent was sentenced to six years' probation with mental health and sexual offender conditions and a $120 surcharge. The court issued a permanent order of protection barring respondent from any contact with the victim until a court of competent jurisdiction rules otherwise.

Having entered an order declaring that the petition and respondent's answer raised no factual issues (*see* 22 NYCRR 806.5) and having heard respondent in mitigation, we now find respondent guilty of the charged misconduct.

We further conclude that, under the circumstances presented, respondent should be suspended from the practice of law for a period of three years.

Cardona, P.J., Mercure, Peters, Spain and Lahtinen, JJ., concur. Ordered that respondent is found guilty of the charged professional misconduct; and it is further ordered that respondent is suspended from the practice of law for a period of three years and until further order of this Court, effective immediately; and it is further ordered that, for the period of his suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority or to give to another an opinion as to the law or its application or any

advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).